Shannon Lee JESTER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0009–CR–326.

Court of Appeals of Indiana.

April 30, 2001.

Eric E. Kinsman, The Law Office of Lee F. Mellinger, Elkhart, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

Shannon Lee Jester appeals his sentence after he pleaded guilty to battery as a class A misdemeanor.[1] Jester alleges that his sentence exceeded the statutory maximum because the trial court judge ordered him to serve one year and perform 160 hours of community service. Because we find that the community service was a condition of the trial court's recommendation that Jester serve his time in a work release program and not an additional sentence, we affirm.[2]

### Facts and Procedural History

The relevant facts reveal that Jester and others were involved in a fight at a party. Jester was charged with one count of battery with a deadly weapon, a class C felony,[3] and two counts of criminal mischief, class B misdemeanors.[4] Pursuant to a plea agreement, Jester agreed to plead guilty to battery, and in exchange, the

---

1. Ind.Code § 35–42–2–1(a)(1).

2. We hereby deny Jester's motion to file a belated reply brief.

3. Ind.Code § 35–42–2–1(a)(3).

4. Ind.Code § 35–43–1–2.

State amended the battery charge to a class A misdemeanor and dropped the other charges. The State and Jester agreed to leave sentencing to the discretion of the trial court. After a hearing, the trial judge imposed the maximum sentence for battery as a class A misdemeanor, one year, to be served in the Elkhart County Security Center. However, the judge recommended that Jester serve his sentence in work release. The judge also fined Jester $100 and ordered him to perform 160 hours of community service. Jester now appeals.

## Discussion and Decision

Upon appeal, Jester contends that the trial court exceeded the maximum sanction allowed under law. In particular, Jester asserts that because none of his sentence was suspended, imposing community service time is an improper term of probation.

■ Initially, we note our standard of review. Sentencing a defendant rests within the trial court's discretion and will be reversed only upon showing a manifest abuse of discretion. *Smith v. State*, 658 N.E.2d 910, 918 (Ind.Ct.App.1995), *trans. denied*. Upon review, we will not revise a sentence unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. App. Rule 7(B). Because a certain degree of subjectivity "cannot be eliminated" from the sentencing process, it is inappropriate to substitute the opinion of an appeals court regarding sentencing for that of the trial court. *Ault v. State*, 705 N.E.2d 1078, 1081 (Ind.Ct.App.1999) (quoting *Hurt v. State*, 657 N.E.2d 112, 114 (Ind.1995)).

■ In this case, Jester was sentenced for a class A misdemeanor. Under Indiana law, "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)." Ind.Code § 35–50–3–2. Also, a sentence for a misdemeanor may be suspended, and the trial court may place a defendant on probation. *Judge v. State*, 659 N.E.2d 608, 613 (Ind.Ct.App.1995) (citing *Smith v. State*, 621 N.E.2d 325, 326 (Ind.1993) and Ind.Code § 35–50–3–1), *reh'g denied*. However, a prison sentence, the imposition of probation, or any combination of the two may not exceed the maximum term for the conviction. *Id.*

Jester argues that since community service is the equivalent of a term of probation, the judge should have suspended a portion of his sentence to enable him to complete the 160 hours of community service and keep his sentence within the statutory maximum of one year. The trial court judge recommended that Jester serve his sentence in a work release program.

■ Work release is a community-based program designed as an alternative to a commitment to the department of correction. *Cox v. State*, 706 N.E.2d 547, 549 (Ind.1999), *reh'g denied*. A person who has been released for work closely resembles a probationer. *Green v. State*, 719 N.E.2d 426, 430 (Ind.Ct.App.1999). Like a probationer, a person on work release enjoys only conditional liberty. *Id.* As part of this conditional liberty, a judge may set reasonable terms on the community corrections placement. *Pavey v. State*, 710 N.E.2d 219, 221 (Ind.Ct.App.1999) (quoting Ind.Code § 35–38–2.6–3(a)). One reasonable term of placement for a person completing a sentence on work release is community service. The definition of "work" within the work release statute, Ind.Code § 11–12–5–2(c), encompasses community service. *See also* Ind.Code § 35–38–2–2.3(a)(13) (listing community service as one possible condition of probation). Thus, the trial court's order that

Jester complete 160 hours of community service is a condition of his work release, not a sentence above and beyond the one-year maximum imposed. We conclude that the trial court did not exceed its authority in imposing Jester's sentence.

Judgment affirmed.

NAJAM and KIRSCH, JJ., concur.