Robert L. NICHOLS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 30A01–0208–CR–325.

Court of Appeals of Indiana.

Feb. 27, 2003.

Brian J. Johnson, Hostetter & O'Hara, Brownsburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Robert L. Nichols ("Nichols") appeals his conviction for oper-

ating a vehicle while intoxicated[1] as a Class C misdemeanor. We reverse.

### Issue

Nichols raises one issue for our review, which we restate as whether sufficient evidence supports his conviction.

### Facts and Procedural History

The relevant facts most favorable to the judgment indicate that on December 29, 2000, Nichols went to dinner and a movie with his girlfriend and lost his way driving to his girlfriend's home in New Palestine, Indiana. While waiting for his girlfriend to call his cell phone, he purchased ice, cola, and a bottle of rum. Nichols parked his vehicle at a car dealership and drank the rum and cola until he passed out.

At trial, Nichols's counsel read the following stipulated facts into the record:

[O]n December the 30th, 2002[sic], at approximately 12:15 Officer Matthew Holland [ ("Holland") ] from [Greenfield] Police Department received a dispatch of a driver slumped behind the steering wheel off the road at the 2500 block of West Main street. When Officer Holland arrived at approximately 12:15 a.m. on December 30th, he observed the defendant, [Nichols], in a Honda Civic and that Mr. Nichols was passed-out. The location of the car was at Russ Dellen at the 2500 block of West Main Street in Hancock, [sic] Indiana and that basically the location of Mr. Nichol's [sic] car was such that he was perpendicular to the main thoroughfare there. That there is a road that goes along and several entrances and at one of the entrances he was basically perpendicular with his nose of the car just about at the road at one of the entrances. The front of the car facing the road perpendicular at one of the entrances to Russ Dellen. Officer Holland had some difficultly [sic] waking up Mr. Nichols, he did succeed, he asked Mr. Nichols to step out of the car at that point in time the car rolled backwards approximately 10(ten) feet and again, the car was stopped and apparently Mr. Nichols (inaudible). Again, when Officer Holland asked Mr. Nichols to step out of the car the car rolled backwards again, in some way so, it is rolling away the grade of the entrance is such that his car was actually rolling way [sic]. I believe Officer Holland's testimony would be as well that this is a manual transmission and that the car was in neutral at all times and that he would not be able to testify as to whether the parking brake was engaged or not just that when he asked Mr. Nichols to exit the vehicle at that point in time is when the car rolled backwards. At that point in time Mr. Nichols observed or exhibited characteristics consistent with intoxication and he was in fact intoxicated. He had an order [sic] of an alcoholic beverage about his person, speech was slurred, eyes were glazed, manual dexterity was poor, balance was poor, failed field sobriety test of one leg stand and the walk and turn test and at approximately 12:51 Officer Holland administered certified chemical test on certified instrument 950269 to Mr. Nichols with a test result coming out at 12:53 on December 30th, indicating that the Defendant had an alcohol concentration equalant [sic] to .20 gram. Of alcohol per 210 litters [sic] of his breath....

. . . .

.... The engine was running and I suppose I should mention as well that on December 30th, it had been snowing, I believe all evening and it was cold out. Tr. at 6–8.

The State charged Nichols with operating a vehicle while intoxicated as a Class C

---

1. Ind.Code § 9–30–5–2(a).

misdemeanor.[2] On August 28, 2001, the trial court found Nichols guilty as charged. Nichols now appeals.

### Discussion and Decision

██ Nichols contends that the stipulated facts are insufficient to support his conviction of operating a vehicle while intoxicated. More specifically, he claims that he did not operate his car by allowing it to roll backwards in the parking lot. The State contends that Nichols did operate his car when he applied the brake.

██ "In addressing a claim of insufficient evidence, an appellate court considers only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determines therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002).

Stipulations are looked upon with favor as a means of simplifying and expediting litigation. A stipulation that a particular witness would, if called, testify in a particular way neither constitutes an admission that such testimony is true, nor forecloses impeachment by the defendant. Stipulated evidence is entitled only to be accorded the same weight by the trier of fact as if given by the witnesses themselves in open court. The use of stipulated evidence does not prevent the parties from arguing what the facts are and what inferences those facts reasonably support.

*Corbin v. State*, 713 N.E.2d 906, 908 (Ind. Ct.App.1999).

At trial, the State had to prove that Nichols *operated* his vehicle while he was intoxicated. *See* Ind.Code § 9–30–5–2(a). There is no statutory definition of "operate," but we note that Indiana Code Section 9–13–2–118 defines an operator of a vehicle as "a person, other than a chauffeur or a public passenger chauffeur, who: (1) drives or is in actual physical control of a motor vehicle upon a highway; or (2) is exercising control over or steering a motor vehicle being towed by a motor vehicle." Our courts have not limited the application of this statute to public highways. *See, e.g., McInchak v. State*, 560 N.E.2d 546 (Ind.Ct.App.1990) (restaurant "drive-thru" lane).

In *Hiegel v. State*, 538 N.E.2d 265 (Ind. Ct.App.1989), we listed four factors that could be used to determine whether a person operated or was in actual physical control of a motor vehicle, including "(1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel." *Id.* at 267 (citations and quotation marks omitted). Although Nichols was asleep when Holland approached his car, he was awake when the car rolled backwards and when he applied the brake. The car's motor was running, but only to keep Nichols warm in the cold weather. Nichols parked his car in the parking lot and intended to remain there until his girlfriend picked him up. Finally, and most importantly, when Nichols applied the brake, he intended to stop the car

---

**2.** The State also charged Nichols with operating a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) grams of alcohol per 100 milliliters of his blood or 210 liters of his breath, a Class A misdemeanor. *See* Ind.Code § 9–30–5–1(b).

The trial court neither entered judgment nor sentenced Nichols on this count. Given our reversal of Nichols's conviction for operating while intoxicated, we need not remand for further proceedings on this count.

from rolling and did not intend to operate the car. We conclude that this evidence is insufficient to prove that Nichols operated his vehicle. *Cf. Parks v. State*, 752 N.E.2d 63 (Ind.Ct.App.2001) (holding that putting car in reverse and backing out of parking spot constituted operation of a vehicle).

Reversed.

FRIEDLANDER, J., and MATTINGLY–MAY, J., concur.