**Theodore FUGETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0312–CR–617.**

Court of Appeals of Indiana.

July 30, 2004.

Michael C. Borschel, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Theodore Fugett appeals from his conviction for child molesting[1] as a Class C felony, contending that the trial court erred in excluding evidence that T.M. previously falsely accused another person of molesting her.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of October 21, 2002, Fugett went to the home of Mary Logwood. At the time, Logwood had custody of her eight-year-old niece, T.M. Logwood made dinner, and the three watched television. T.M., who sat between Logwood and Fugett on the couch, fell asleep, and Logwood went upstairs to retrieve a scarf to cover T.M.'s braids. While Logwood was upstairs, Fugett kissed T.M., put his tongue in her mouth, made her touch his "private part" over his clothes, and touched her "private part" with his finger under her clothes. *Transcript* at 56–57.

The following day, T.M. reported these events to school officials, who in turn contacted the police, and Fugett was arrested and charged with child molesting. After a jury trial, Fugett was convicted as charged. Fugett now appeals.

## DISCUSSION AND DECISION

Fugett contends that the trial court erred in excluding evidence that T.M. previously falsely accused another person of molesting her. The decision to admit or exclude evidence is within the trial court's sound discretion and is afforded great deference on appeal. *Sallee v. State*, 785 N.E.2d 645, 650 (Ind.Ct.App. 2003), *trans. denied, cert. denied* — U.S. ——, 124 S.Ct. 480, 157 L.Ed.2d 385; *Williams v. State*, 779 N.E.2d 610, 612 (Ind.Ct.App.2002). We will generally not reverse a trial court's exclusion of evidence except when the exclusion is a manifest abuse of discretion resulting in a denial of a fair trial. *Williams*, 779 N.E.2d at 612. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Sallee*, 785 N.E.2d at 650; *Williams*, 779 N.E.2d at 612. This court will also find an abuse of discretion when the trial court controls the scope of cross-examination to the extent that a restriction substantially affects the defendant's rights. *Williams*, 779 N.E.2d at 612.

Indiana has enacted a Rape Shield Statute and adopted a Rape Shield Rule. *See* IC 35–37–4–4; Ind. Evidence Rule 412. Evid. R. 412, commonly referred to as the Rape Shield Rule, embodies the basic principles of Indiana's Rape Shield Statute. *Graham v. State*, 736 N.E.2d 822, 824 (Ind.Ct.App.2000), *trans. denied.* However, Evid. R. 412 was not

---

1. *See* IC 35–42–4–3.

adopted verbatim from the Rape Shield Statute, and to the extent there are any differences, Evid. R. 412 controls. *Id.* at 825. Evid. R. 412 provides:

"(a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:

(1) evidence of the victim's or of a witness's past sexual conduct with the defendant;

(2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded;

(3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or

(4) evidence of conviction for a crime to impeach under Rule 609."

In addition, there is a common law exception when a defendant seeks to introduce evidence of a prior false accusation of rape. *Williams*, 779 N.E.2d at 613. Our supreme court has explained that Evid. R. 412 is only designed to exclude evidence of a complaining witness's prior sexual conduct, and evidence of prior false accusations of rape made by a complaining witness does not constitute prior sexual conduct for rape shield purposes: such evidence is more properly understood as verbal conduct. *Id. See also State v. Walton*, 715 N.E.2d 824, 827 (Ind.1999) (evidence of prior false accusations of rape to impeach credibility of witness are permitted under Rape Shield Rule and under general exclusionary edict of Rule 608(b)). Accordingly, evidence of prior false accusations may be admitted, but only if (1) the complaining witness admits he or she made a prior false accusation of rape; or (2) the accusation is demonstrably false. *Williams*, 779 N.E.2d at 613. Prior accu-

sations are demonstrably false where the victim has admitted the falsity of the charges or they have been disproved. *Perry v. State*, 622 N.E.2d 975, 980 (Ind. Ct.App.1993).

In *Williams*, 779 N.E.2d at 613–14, a defendant argued that the trial court erred in excluding evidence of the victim's prior false accusation of rape. In analyzing this claim, we noted that there was no evidence that the victim admitted to making a prior false accusation of rape. Accordingly, we focused on whether the testimony submitted as an offer of proof constituted a demonstrably false accusation. The defendant argued that certain facts and testimony about the accusation showed that the victim's accusation was demonstrably false. We found, however, that the evidence created merely an inference that the accusation was false. We determined that the trial court did not err because there was no evidence that the victim made contrary statements about whether or not the sexual misconduct occurred. *Id.*

Here, Logwood testified that she was aware that T.M. alleged that she had previously been molested while in her mother's care. She explained that she took T.M. to counseling and that the counselor reported the incident to child protective services. She further testified that she was told that T.M. alleged that "he had touched her breast...." *Transcript* at 75.[2] However, T.M. testified that prior to the incident for which Fugett was tried, she had never been the victim of any bad touching. She acknowledged attending counseling, but described the counseling as relating to issues other than molestation. Karen Dague, a detective with the Indianapolis Police Department, testified that she conducted a search of police records

---

2. The record does not disclose to whom T.M. was referring when she made this statement.

and was unable to find any record that T.M. had made a prior allegation. Based on this evidence, Fugett has failed to show that T.M. made a prior allegation, or that she disavowed a prior allegation, or that the allegation was demonstrably false. Indeed, as Fugett himself explains in his brief, "[T]here was substantial evidence that the complaining witness was either confused or had made false allegations of abuse in the past." *Appellant's Brief* at 17. Even Fugett does not definitively state that his offer to prove demonstrates a prior false allegation. Because Fugett failed to show that T.M. made a demonstrably false prior allegation, the trial court did not err in excluding the evidence.

Nonetheless, Fugett contends that application of the Rape Shield Rule here violates his rights to confrontation and due process. *See* U.S. CONST., amend. VI, XIV. Indiana's Rape Shield Statute has repeatedly been found constitutional on its face so long as it does not violate a defendant's right to cross-examination. *Sallee,* 785 N.E.2d at 651; *Graham,* 736 N.E.2d at 826–27. However, the constitutionality of the statute as applied to preclude specific exculpatory evidence must be examined on a case-by-case basis to assure that no violation of the right to cross-examination has occurred. *Graham,* 736 N.E.2d at 827. The trial court's exclusion of evidence must not prevent the defendant from conducting a full, adequate, and effective cross-examination. *Sallee,* 785 N.E.2d at 651.

In *Graham,* 736 N.E.2d at 827, a defendant claimed that the exclusion of prior rape allegations violated his Sixth Amendment right to confront and cross-examine witnesses. In weighing this claim, we noted that the record showed that the trial court allowed the defendant wide latitude in cross-examining witnesses and to make numerous offers to prove before ruling on the admissibility of the evidence. We observed that it was the defendant's failure to present relevant evidence to demonstrate the falsity of the victim's prior rape allegations that led to the exclusion of the defendant's proffered evidence. Thus, we concluded that the exclusion of the evidence did not violate the defendant's Sixth Amendment right to confront and cross-examine witnesses. *Id.*

Likewise, the exclusion of the evidence here did not limit Fugett's right to cross-examine witnesses. The record before us shows that Fugett cross-examined both Logwood and T.M. about the events on the evening in question and was able to highlight inconsistencies and point out differences in their testimony. Moreover, the trial court afforded Fugett ample opportunity to make an offer to prove regarding the earlier allegation. The evidence of the allegation, Logwood's testimony that T.M. accused a man of touching her breast, which was contradicted by other evidence, was simply too tenuous to be admissible as a demonstrably false prior allegation. The trial court did not err in excluding the evidence.

Finally, Fugett also argues that the trial court's exclusion of the evidence violates Article 1, Section 19 of the Indiana constitution, which provides that the jury has the right to determine the law and the facts of a case. *See* IND. CONST., art. I, § 19.

While we agree that the right to determine the law and the facts is vested with the jury, it does not follow that trial courts have no authority to exclude evidence from trials. Trial courts have the inherent authority to control the conduct of trials. *Noble County v. Rogers,* 745 N.E.2d 194, 199 (Ind.2001). Allowing evidence of the prior allegation in this case would have required the jury to make a

factual determination with regard to matters collateral to that for which Fugett was being tried, namely, whether T.M. made the prior allegation and whether the allegation was false. The trial court did not err in excluding the evidence.

Affirmed.

NAJAM, J., and RILEY, J., concur.