Timothy S. **COLLINS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 29A04–0411–CR–593.

Court of Appeals of Indiana.

Oct. 11, 2005.

John D. Fierek, Voyles Zahn Paul Hogan & Merriman, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## ORDER

This Court having heretofore handed down its opinion in this cause marked Memorandum Decision, Not for Publication, in which this Court affirmed in part, reversed in part and remanded for further proceedings.

Thereafter, both the Appellee and the Appellant filed Petitions for Rehearing. The Appellee's Petition for Rehearing was denied with an order, and the Appellant's Petition for Rehearing was granted by a Memorandum Decision, Not for Publication, for the purpose of clarifying the original opinion, which was affirmed in all other respects.

Comes now the Appellant, by counsel, and files herein Motion to Publish its Rehearing Opinion in this matter, alleging that this Court's opinion on rehearing is the first case to deal directly with the misdemeanor sentencing statute and the compilation of executed, suspended and probation toward the maximum sentence thus satisfying the criteria for publication under Appellate Rule 65(A)(1).

The Court having examined said Motion to Publish, having reviewed its original opinion and its opinion on rehearing and being duly advised, now finds that both the original opinion and the opinion on rehearing should now be ordered published.

IT IS THEREFORE ORDERED that upon the above-recited Motion to Publish, both this Court's original opinion heretofore handed down on June 15, 2005, marked Memorandum Decision, Not for Publication, and its Opinion on the Appellant's Petition for Rehearing handed down on August 18, 2005, marked Memorandum Decision, Not for Publication, are now ORDERED PUBLISHED.

The Clerk of this Court is directed to send copies of both opinions together with copies of this order to the West Publishing Company and to all other companies and services to which published opinions are normally sent, in addition to sending copies hereof to all counsel of record.

All Panel Judges Concur.

## OPINION

FRIEDLANDER, Judge.

Timothy Collins appeals his conviction of Operating a Vehicle While Intoxicated Endangering a Person,[1] a class A misdemeanor, as well as his sentence. Collins presents the following restated issues for review:

1. Did the trial court err in restricting cross-examination of a witness?

2. Did the trial court err in allowing the admission of J.D. Floyd's testimony?

3. Was the evidence sufficient to support his conviction?

4. Did the trial court abuse its discretion in sentencing Collins?

We affirm in part and reverse in part and remand with instructions.

The facts favorable to conviction are that on the evening of July 29, 2003, Collins drove Amy Young, his girlfriend at the time, to a concert at Verizon Wireless Music Center (Verizon) in Hamilton County,

1. Ind.Code Ann. § 9–30–5–2(a), (b) (West 2004).

Indiana. Both Collins and Young consumed alcoholic beverages while at Verizon. Justin Ruetz worked as a security guard at Verizon that evening. While driving home from Verizon on Highway 238, Ruetz encountered Collins's blue, 1999 Ford Expedition (the vehicle), which he noticed was "swerv[ing] to the . . . shoulder." *Appellant's Appendix* at 140. Although "[a]t that point [he] didn't think anything was unusual, [while they] drove down the road there were other behaviors . . . [that] led [him] to believe the driver was drunk." *Id.* at 140–41. Thereafter, Ruetz called 911 to report a possible drunk driver, and continued to follow the vehicle until it arrived at an Amoco gas station on State Road 37 at east 146th Street.

"The only time [Ruetz] noticed who was driving was when [Collins] got out of the driver's side of the car[,] [which occurred] immediately." *Id.* at 146. When asked whether he noticed anyone else move or get into the driver's seat, Ruetz testified: "[Young] did not exit the vehicle. The next time I saw her [she was] sitting in the passenger's seat as I pulled around front. The next time I saw her [after that] she was in the driver's seat. It's my belief that she climbed through the car." *Id.* at 148–49.

Shortly thereafter, Fishers Police Department Officers Brian Alvey and Floyd arrived. Alvey observed Collins walking from the rear of the vehicle toward the passenger's front door. Believing Collins was intoxicated, Alvey administered field sobriety tests, which Collins failed. At no time did Collins tell Alvey that Young was operating the vehicle. Subsequently, Alvey arrested Collins, and Floyd drove Young home.

The State charged Collins with operating a vehicle while intoxicated endangering a person. The State filed a pre-trial Motion in Limine (the motion) requesting the trial court prohibit any reference to Ruetz's criminal history. After hearing arguments, the trial court granted the motion. At trial, Collins's counsel made the following offer to prove outside the presence of the jury:

[Defense Counsel]: Mr. Ruetz is it correct that you are currently on probation for a driving while intoxicated?

[Ruetz]: Yes, sir.

. . .

[Defense Counsel]: Would it be fair to say, Mr. Ruetz, . . . you were told perhaps that you would get some favorable treatment in that violation as a result of your testimony here today?

[Ruetz]: Not at all.

. . .

[State]: As a matter of fact, the prosecutor's office has never even talked about giving you any deal at all regarding this testimony, have they?

[Ruetz]: No, sir.

. . .

[The Court]: Has anybody from the probation department made any promises depending on your testimony at this trial?

[Ruetz]: No, sir.

*Id.* at 162–64. Following a jury trial, Collins was convicted. The parties reached a sentencing agreement, which Collins's counsel "request[ed] the Court accept." *Id.* at 212. Pursuant to the agreement, the trial court sentenced Collins to 365 days at Hamilton County jail, all but 10 days suspended, with 4 days credit for 2 days served; $1,000 fine, suspended; $336.50 court costs; 90–day license suspension to begin on October 5, 2004; and 365 days probation, including court costs, fines, victim impact panel, CARE evaluation, and 20 hours community service.

**1.**

■ Collins contends the trial court erred by disallowing cross-examination regarding Ruetz's potential bias as a probationer, arguing "[s]erious damage to the strength of the State's [sic] case would have been a real possibility had petitioner been allowed to pursue this line of inquiry." *Appellant's Brief* at 10.

■ "The right to cross-examine witnesses is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution. It is one of the fundamental rights of our criminal justice system." *Nelson v. State*, 792 N.E.2d 588, 594 (Ind. Ct.App.2003), *trans. denied* (citations omitted). The Confrontation Clause of the Sixth Amendment does not prevent a trial judge from imposing limits on defense counsel's inquiry into the potential bias of a prosecution witness. *Meagher v. State*, 726 N.E.2d 260 (Ind.2000). Rather, "trial judges retain wide latitude insofar as the Confrontation Clause." *Id.* at 265. Only a clear abuse of discretion warrants reversal. *Id.*

> [I]n cases where there has been no plea agreement between the witness and the State or a patent benefit for testifying, we have found no abuse of discretion in limiting the testimony of a witness as long as the jury has been sufficiently apprised of the circumstances surrounding the testimony.

*Fosha v. State*, 747 N.E.2d 549, 556 (Ind. 2001) (citations omitted).

■ Here, the trial court granted the motion, precluding all references to Ruetz's criminal history. At trial, Collins's counsel made an offer to prove, attempting to show Ruetz was biased because of his status as a probationer. "An offer to prove is an offer from counsel regarding what a witness would say if he was allowed to testify." *Bradford v. State*, 675 N.E.2d 296, 301 (Ind.1996), *reh'g denied.* Further, "[a]n offer to prove consists of three parts: (1) the substance of the evidence[;] (2) an explanation of its relevance[;] and (3) the proposed grounds for its admissibility." *Nelson v. State*, 792 N.E.2d at 594. "Error may not be predicated upon a ruling ... which excludes evidence unless a substantial right of the party is affected, and ... the substance of the evidence was made known to the court." *Id.* at 595 (quoting Ind. R. Evid. 103(a)(2)). When questioned, Ruetz stated three separate times that no deal for leniency resulting from his testimony was promised by anyone at the prosecutor's office. The facts demonstrate there is no plea agreement, nor any patent benefit accruing to Ruetz in exchange for his testimony. Further, the facts demonstrate no alternate bases for inferring bias. Thus, no substantial right was affected by the exclusion of this evidence.

In further support of his contention, Collins cites *Smith v. State*, 721 N.E.2d 213 (Ind.1999), *reh'g denied,* which concludes pending charges that are the basis of an arrangement with the witness are a proper subject of cross-examination where there is conflicting evidence regarding a leniency deal. Here, in addition to the trial court affording Collins ample opportunity to make an offer to prove, *see Fugett v. State*, 812 N.E.2d 846 (Ind.Ct.App. 2004), there is no indication whatsoever that a deal of leniency was offered to Ruetz. Further, there is no indication that Ruetz had any expectation that such a deal would arise from his testimony. Therefore, we cannot say the trial court abused its discretion by limiting Collins's cross-examination of Ruetz.

**2.**

Collins contends the admission of opinion testimony over his objection invaded

the province of the jury and constituted reversible error.

■ "The admission or exclusion of evidence is a matter left to the sound discretion of the trial court, and we will reverse only upon an abuse of that discretion. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Greenboam v. State,* 766 N.E.2d 1247, 1250 (Ind.Ct.App.2002), *trans. denied* (citations omitted).

> To determine whether an error in the introduction of evidence affected a defendant's substantial rights, we must consider the probable impact of that evidence upon the jury. The question is not whether there is sufficient evidence to support the conviction absent the erroneously admitted evidence, but whether the evidence was likely to have had a prejudicial impact on the jury.

*Camm v. State,* 812 N.E.2d 1127, 1137 (Ind.Ct.App.2004), *trans. denied* (citations omitted).

■■ Collins contends the trial court erred in admitting Floyd's testimony about why he did not arrest Young. At trial, the court received a question from the jury, and the following exchange occurred.

> [Defense Counsel]: I would object, your Honor, from a relevance standpoint.
>
> [The Court]: The Court is going to overrule the objection.... [W]hy didn't you arrest Amy Young when she told you she was driving?
>
> [Floyd]: Because I didn't believe her.

*Appellant's Appendix* at 235. Here, Collins objected upon relevancy rather than opinion testimony grounds. "A party may not object on one ground at trial and raise a different ground on appeal. The issue is waived for review." *Brown v. State,* 728 N.E.2d 876, 878 (Ind.2000) (citations omitted).

■ Waiver notwithstanding, Collins still cannot prevail. Floyd was neither asked whether Young was a credible witness, nor to speculate as to who was operating the vehicle. Rather, Floyd was asked to explain why he did not arrest Young. In this context, Floyd's statement does not constitute opinion testimony and, thus, did not invade the province of the jury.

### 3.

■■ Collins contends there is insufficient evidence to support his conviction.

> In reviewing a challenge to the sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of witnesses. Instead, we look to the evidence and reasonable inferences that support the verdict and affirm the conviction if there is probative evidence from which a reasonable trier of fact could have found that the defendant was guilty beyond a reasonable doubt.

*Vandivier v. State,* 822 N.E.2d 1047, 1053 (Ind.Ct.App.2005), *trans. denied* (citations omitted). Here, the State was required to prove beyond a reasonable doubt that Collins: (1) operated a vehicle; (2) while intoxicated; (3) endangering a person. Collins stipulated to the second and third elements. Therefore, the only factual issue at trial was: did Collins operate the vehicle?

> There is no statutory definition of 'operate,' but we note that [Ind.Code Ann. § 9–13–2–118 (West 2004)] defines an operator of a vehicle as a 'person, other than a chauffeur or a public passenger chauffeur, who: (1) drives or is in actual physical control of a motor vehicle upon a highway; or (2) is exercising control over or steering a motor vehicle being towed by a motor vehicle.' ... [W]e [use] four factors ... to determine

whether a person operated or was in actual physical control of a motor vehicle, including (1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel.

*Nichols v. State,* 783 N.E.2d 1210, 1212 (Ind.Ct.App.2003).

There is no evidence that Collins was asleep or that he was acting as a chauffer. Further, Ruetz testified that he followed the vehicle until it stopped at the gas station, and that Collins immediately exited the driver's door. This evidence was sufficient to support the jury's finding that Collins was operating the vehicle, and thus supports his conviction.

### 4.

Finally, Collins contends the trial court erred in sentencing him in excess of the prescribed statutory maximum.

■ When reviewing the trial court's sentencing decision, we will review only for abuse of discretion. *Brattain v. State,* 777 N.E.2d 774 (Ind.Ct.App.2002). An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before it. *Id.* We will review a trial court's legal conclusions, however, under a *de novo* standard of review. *Id.* "Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. An improper sentence constitutes fundamental error and cannot be ignored on review." *Groves v. State,* 823 N.E.2d 1229, 1231–32 (Ind.Ct.App.2005).

■ Here, Collins was convicted of a class A misdemeanor. Collins was sentenced pursuant to Ind.Code Ann. § 35–50–3–2 (West 2004), which states, "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year[.]" Further, "whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under I.C. § 35–38–2 for a fixed period of not more than one (1) year." I.C. § 35–50–3–1(b). "However, a prison sentence, the imposition of probation, or any combination of the two, may not exceed the maximum term for the conviction." *Jester v. State,* 746 N.E.2d 437, 439 (Ind.Ct.App.2001).

■ At the sentencing hearing, Collins requested, and the trial court imposed, a sentence of 365 days at Hamilton County jail, all but 10 days suspended, with 4 days credit for 2 days served, and 365 days probation. As such, the sentence violates the statutory maximum, and therefore constitutes fundamental error.

■ Upon similar facts in *Sinn v. State,* 609 N.E.2d 434 (Ind.Ct.App.1993), *trans. denied,* where a sentence entered pursuant to a plea agreement was illegal because it exceeded the statutory maximum, we held the error, though invited, was fundamental error and could not stand. We explained:

[A] contract made in violation of statute is void and unenforceable. Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences.

*Id.* at 436. Thus, an illegal sentence that is invited nevertheless is subject to the fundamental error exception.

Here, I.C. § 35–50–3–1 provides an affirmative statutory proscription on the imposition of any sentence, regardless of its composition, in excess of one year. Collins's sentencing agreement stipulated 365 days in jail, all but 10 days suspended, with 4 days credit; and 365 days probation. In the aggregate, the incarceration and probationary periods exceed the statutorily prescribed maximum, and thus constitute fundamental error. Therefore, Collins's sentence is vacated.

In light of the foregoing, we affirm in part and reverse in part and remand with instructions to sentence in accordance with the principles set out in this opinion.

BAILEY, J., and ROBB, J., concur.

### OPINION ON REHEARING

FRIEDLANDER, Judge.

We grant Collin's petition for the purpose of clarifying our original opinion, and we reaffirm our opinion in all other respects.

In an unpublished memorandum decision, this court vacated Timothy S. Collins's sentence of 365 days in jail, all but 10 days suspended, with 4 days credit; and 365 days probation. *See Collins v. State,* Case No. 29A04–0411–CR–00593, 831 N.E.2d 285 (Ind. Ct.App. June 15, 2005). The pertinent facts are set out in that opinion and need not be repeated in detail here. The State and Collins have filed separate petitions for rehearing. Collins has petitioned this court for rehearing, alleging our previous opinion failed to include the 355–day suspended sentence in determining the aggregate maximum sentence prescribed by statute. We grant the petition for the limited purposes of clarifying our opinion.

 We held the trial court's sentence must be vacated because the aggregate

incarceration and probationary periods exceed the statutorily prescribed maximum. In vacating Collins's sentence, we did not intend to imply that "incarceration" included only the ten-day executed period of imprisonment. Instead, we intended, and clarify here, that the incarceration period includes the entire portion of Collins's sentence, i.e., both the executed and suspended sentence.

ROBB, J., and BAILEY, J., concur.