## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 09 2019, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

William Tyler Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 9, 2019

Court of Appeals Case No.
18A-CR-1972

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1708-F5-111

**May, Judge.**

[1] William Tyler Johnson appeals his conviction for Level 5 felony burglary.[1] Johnson argues the trial court erred in admitting the statement he made to police before being mirandized.[2] We affirm.

## Facts and Procedural History

[2] On August 22, 2017, Officer Kent Hesher of the Lafayette Police Department was dispatched to 2000 Monon Avenue regarding a possible home invasion in progress. No one was living in the house at the time, but it was undergoing renovation. Officer Hesher was dispatched to the scene at 6:51 a.m. and arrived at 6:55 a.m. Upon arrival, Officer Hesher did not observe anyone enter the house, nor did he see anyone running from the house.

[3] Officer Samuel Galaluck was also dispatched to the scene and arrived at 7:01 a.m. As Officer Galaluck approached the house, he heard noises coming from inside a room that had an open window. The officers found Johnson inside the house near the open window. Just outside the open window, officers found an air compressor and a tool box. Johnson was wearing basketball shorts, black shoes, a black hooded sweatshirt, and a sock hat when the officers encountered him. Officer Galaluck initially handcuffed Johnson. At some point, officers removed the handcuffs but, when Johnson began grabbing at his pockets,

---

[1] Ind. Code § 35-43-2-1.

[2] *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

officers reapplied the handcuffs and conducted a pat down search of Johnson. During that search, Officer Galaluck found a small flashlight and a black bandana. Officer Galaluck remained with Johnson, while Officer Hesher and another officer cleared the house. They did not find anyone else inside the house.

[4] Johnson spoke with the officers for approximately five minutes. He indicated he was the one who called 911 and he saw people running away from the house to the east. Officers determined, however, that Johnson did not place the 911 call. Rather, the call was placed by Mel Gregory, who lived across the street from 2000 Monon Avenue with Johnson and Johnson's mother. After placing the 911 call, Gregory observed the officers' arrival and saw an air compressor come out a side window and fall onto the ground.

[5] Officers then put Johnson into a patrol car while they waited for the owner of 2000 Monon Avenue to arrive. The homeowner did not store tools outside, where the air compressor and tool box were found. In addition, the homeowner discovered a "half inch hammer drill and a drill and impact wrench set" were missing from the house. (Tr. Vol. II at 62.) Inside the house, police found a trash can that contained tools, cords, rulers, and other items, but the homeowner did not store tools inside the home in this manner.

[6] Police transported Johnson to the Lafayette Police Department. At the police station, Police read him miranda warnings and interrogated him. The State charged Johnson with burglary as a Level 5 felony and theft as a Level 6 felony.

The State also alleged that Johnson was a habitual offender. On May 30 and 31, 2018, the trial court held a jury trial and the jury returned a guilty verdict on both counts. The Court entered judgment of conviction for burglary, finding that the theft count merged with the burglary count. Johnson admitted being a habitual offender, and the court imposed an aggregate sentence of seven years.

## Discussion and Decision

[7] Johnson contends the trial court erred in admitting statements he made to police at the scene. Specifically, the statements that he was the one who called 911 and that he observed people running from the house toward the east. We evaluate a decision to admit or exclude evidence using an abuse of discretion standard because such decisions are within the trial court's "sound discretion" and are "afforded great deference" on appeal. *Fugett v. State*, 812 N.E. 2d 846, 848 (Ind. Ct. App. 2004). We will reverse a decision to admit evidence only where the admission is a "manifest abuse of discretion by the trial court resulting in the denial of a fair trial." *Johnson v. State*, 831 N.E.2d 163, 168-69 (Ind. Ct. App. 2005), *trans. denied*. "A decision is an abuse of discretion if it is clearly against the logic and effect of the facts and circumstances before the court." *Id.* at 169.

[8] Johnson failed to make contemporaneous objections when Officer Hesher testified regarding the statements Johnson made to the police at the scene. A contemporaneous objection is required at the time that evidence is introduced at trial in order to preserve the issue for appeal. *Rhodes v. State*, 996 N.E.2d 450,

454 (Ind. Ct. App. 2013). Officer Hesher testified, without objection, that Johnson said something to the police about another occupant being inside the house. On cross-examination by Johnson's counsel, Officer Hesher testified that Johnson informed officers that he called 911.

[9] Johnson did object when the State asked: "Did the defendant say to you the direction he claimed the people ran from the house in?" (Tr. Vol II at 37.) During a sidebar, the court indicated he would allow the State to ask about which direction the defendant said he saw people running. But, upon return to open court, the court announced that it was sustaining Johnson's objection. Nevertheless, Johnson did not object when the State asked Officer Hesher "to which direction did the defendant say the people ran from the house?" (Tr. Vol. II at 40.) Consequently, Johnson has waived any claim regarding improper admission of this testimony. *See Brown v. State*, 929 N.E.2d 204, 206-07 (Ind. 2010) (failing to make a contemporaneous objection waives issue for appeal), *reh'g denied*.

[10] Indiana Rule of Evidence 103(b) provides that "[o]nce the court rules definitively on the record at trial a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Here, the court did not rule definitively on the record because its statements during the sidebar conflicted with its statement upon return to open court, and Johnson did not renew the objection or ask for a continuing objection. *See Laird v. State*, 103 N.E.3d 1171, 1180 (Ind. Ct. App. 2018) ("While the best practice would still be to object contemporaneously with the admission of any disputed evidence, Evidence

Rule 103 was amended to allow parties to rely on the existence of a continuing objection after a trial court has ruled definitively at trial."), *trans denied*.

[11] As we have determined that the claim has been waived by failure to make a contemporaneous objection, we will reverse only upon a showing of fundamental error. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). As our Supreme Court has explained, "[t]he fundamental error exception is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. (internal quotation marks omitted). The claimed error must be so egregious it renders a fair trial impossible or constitutes a blatant violation of basic and elementary principles of due process. *Id*. Admission of Johnson's statements does not amount to fundamental error.

[12] Admission of the statements Johnson made to the police at the scene amounts at most, to harmless error because they could not have affected Johnson's substantial rights. *See Lander v. State*, 762 N.E.2d 1208, 1213 (Ind. 2002) (error harmless if it does not neglect substantial rights). For one, the statements themselves are not inculpatory. Johnson told officers at the scene only that he was the one that called 911 and that he saw people running from the house to the east. Second, there is substantial independent evidence of guilt in the record. A 911 call was placed regarding a possible burglary in progress at a house across the street from Johnson's residence. While officers were responding to the call, a witness observed an air compressor come out one of

the house's windows and land on the ground outside the house. Johnson was the only individual found inside the house. Johnson was wearing a black hoodie and a black sock cap in the middle of summer, with a small flashlight and a black bandana in his pocket. Additionally, items that were usually kept inside the house were found outside the house near the open window where Johnson was located by police. Regardless of Johnson's comments to the police at the scene, the evidence overwhelmingly pointed to Johnson's guilt. *See Houser v. State*, 678 N.E.2d 95, 102 (Ind. 1997) (holding any error admitting pre-miran*da* statements was harmless because they were repetitive of properly admitted statements).

## Conclusion

[13] Based on the foregoing, we conclude the trial court did not abuse its discretion in admitting Johnson's pre-arrest statements into evidence because Johnson failed to object when Officer Hesher testified to those statements. Also, regardless of Johnson's pre-arrest statements, there is substantial independent evidence of guilt in the record to support the jury's verdict. We accordingly affirm.

[14] Affirmed.

Baker, J., and Tavitas, J., concur.