Dennis SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S05–9309–CR–1045.

Supreme Court of Indiana.

Sept. 28, 1993.

James A. Gothard, Gothard & O'Connell, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Judge.

Defendant–Appellant Dennis Smith was convicted of battery, a class A misdemeanor, and sentenced to one year incarceration with 255 days suspended, to be followed by a one-year probation period as a condition of which he was to serve a six-month period of home detention.[1] His direct appeal raised several issues for review. The Court of Appeals, although remanding the cause to the trial court for clarification of specific conditions of its home detention order, otherwise affirmed the conviction and original sentencing order. *Smith v. State* (1993), Ind.App., 610 N.E.2d 265. We grant defendant's petition to transfer solely to address whether a trial court may impose a period of probation extending beyond the maximum sentence.

Smith argues that because Ind.Code § 35–50–3–2 provides that a person convicted of a class A misdemeanor may be imprisoned for a period of not more than one year, the trial court's imposition of a one-year probation beyond his 110–day prison sentence is not proper. Smith in effect urges that his probation ought not exceed 255 days, the difference between the statutory maximum one-year sentence for a misdemeanor and the 110 days of his executed sentence.

The State, citing *Brock v. State* (1990), Ind.App., 558 N.E.2d 872, concedes that, to the extent that the probationary period exceeds the suspended sentence, this cause should be remanded to the trial court for modification of the term of probation. The Court of Appeals refused to accept the State's concession, noting that, while *Brock* disapproved of a probationary period exceeding the term of a suspended sentence, *Brock* applied only to felonies, not misdemeanors. *Smith*, 610 N.E.2d at 270.

Ind.Code § 35–50–2–2(c) states that "[w]henever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that

---

1. The trial court's Order of Judgment of Conviction and Order Setting Conditions of Probation utilized pre-printed forms with boxes to be checked and blanks to be filled which imposed "a sentence of 365 days imprisonment with 255 days suspended and subject to the following condition," which included "[h]ome detention for 6 months." Record at 313–315.

the maximum sentence that may be imposed for the felony will expire." No such express probation term limitation appears in the corresponding misdemeanor sentencing statute. Ind.Code § 35–50–3–2 states in relevant part that "[a] person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one [1] year...." Moreover, Ind.Code § 35–50–3–1(b) provides that a court may suspend any part of a sentence for a misdemeanor, although "whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under IC 35–38–2 for a fixed period of not more than one (1) year."

The issue is unresolved. The Court of Appeals has suggested in dicta the permissibility of a one-year probationary period in addition to an executed sentence for a misdemeanor conviction. *Hoage v. State* (1985), Ind.App., 479 N.E.2d 1362. In contrast, however, it has refused to permit a misdemeanor probationary term extending beyond the misdemeanor sentencing maximum by reversing a trial court's imposition of a fourth year of probation where the statutory maximum term for probation was three years. *Slayton v. State* (1989), Ind. App., 534 N.E.2d 1130.

■ This Court has long held that in construing a statute "it is necessary to consider the whole act and all other law relating thereto, and, if possible, give effect to it in all of its parts." *Dowd v. Johnston* (1943), 221 Ind. 398, 401, 47 N.E.2d 976, 977. In view of the absence of clear legislative authorization to the contrary, we recognize that fundamental sentencing guidelines with respect to treatment of felonies likewise apply to misdemeanors.[2] We agree with Judge Barteau's dissenting opinion that "[t]he trial court has the option, in sentencing a class A misdemeanant, to suspend the sentence in whole or in part and to place the defendant on probation, so long as the combination of

the executed sentence and the probationary period do not exceed the maximum statutory sentence for that offense." *Smith*, 610 N.E.2d at 272 (Barteau, J., dissenting).

We find that a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor. While the trial court may have had sound reasons for the sentence which it imposed, it was error to extend a misdemeanant's penalty to a term exceeding the then-current one-year statutory limitation, whether by imposition of a prison sentence, an assessment of probation under a suspended sentence, or a combination thereof.

We remand this cause to the trial court for the determination of a probationary period consistent with this opinion. In all other respects, the Court of Appeals' opinion is affirmed pursuant to Appellate Rule 11(B)(3).

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents.

---

**2.** We observe that our General Assembly's most recent modification of Ind.Code § 35–50–3–1, as recently amended by Law of May 4, 1993, Pub.L. No. 135–1993, sec. 9, 1993 Ind. Acts 3664, extends the maximum period of probation under suspended sentence for a misdemeanor only when the use or abuse of alcohol, drugs, or

harmful substances is a contributing factor or material element of the offense. We thus infer that in all other matters, this legislature understood the term of probation to be limited to the maximum allowable sentence in both felonies and misdemeanors.