David COPELAND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0306–CR–522.

Court of Appeals of Indiana.

Feb. 4, 2004.

Susan D. Rayl, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

David Copeland was convicted after a bench trial of residential entry, a Class D felony,[1] and domestic battery, a Class A misdemeanor.[2] He appeals, raising two issues:

1. Whether there was sufficient evidence to convict him of residential entry; and

2. Whether the sentence he received was proper.

We affirm in part, reverse in part, and remand for resentencing.

### FACTS AND PROCEDURAL HISTORY

Copeland and Sheila Copeland were divorced in August of 2000. Sheila was awarded possession of the marital residence in the divorce, but she allowed Copeland to live there intermittently until November of 2000.

On December 1, 2002, Copeland drove to Sheila's house, knocked on the door and asked to speak with her. Sheila stepped outside to talk with Copeland and the two began to argue. Copeland grabbed Sheila by the throat, opened the screen door, and pushed her back through the door and into the house. Sheila broke free and ran to the bedroom where she woke a friend who was staying with her. Copeland had words with Sheila and her friend before

---

1. Ind.Code § 35–43–2–1.5.

2. Ind.Code § 35–42–2–1.3.

leaving the house. Sheila told Copeland she was calling the police.

Marion County Deputy Sheriff William Carter arrived approximately five minutes after Copeland left. He saw Sheila was upset and nervous and had redness around her throat area. Deputy Carter found Copeland in a nearby Kroger store and arrested him.

Copeland was sentenced to 365 days on the Class D felony with 363 days suspended, and to 365 days on the Class A misdemeanor, with 365 days suspended and an additional 180 days of probation.

## DISCUSSION AND DECISION

### 1. *Sufficiency of the Evidence*

 Copeland asserts Sheila's testimony was incredibly dubious and thus there was insufficient evidence he committed the crime of residential entry. Under the "incredible dubiosity" rule, a reviewing court will impinge on the factfinder's responsibility to judge the credibility of the witness only when it has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity." *Stephenson v. State,* 742 N.E.2d 463, 497 (Ind.2001), *cert. denied* 534 U.S. 1105, 122 S.Ct. 905, 151 L.Ed.2d 874 (2002). When a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id.* at 497–98. Application of this rule is rare; the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.* at 498.

In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Rogers v. State,* 741 N.E.2d 395, 396 (Ind.Ct.App. 2000), *reh'g denied, trans. denied* 753 N.E.2d 16 (Ind.2001).

 In order to convict Copeland of residential entry, the State had to prove he knowingly or intentionally broke into and entered Sheila's residence. Ind.Code § 35–43–2–1.5. The use of even the slightest force to gain entry establishes the breaking element of this offense. *Davis v. State,* 770 N.E.2d 319, 322 (Ind.2002), *reh'g denied.*

Copeland argues Sheila's testimony that he pushed her into the house was "inherently improbable and runs against human experience." (Br. of Appellant at 6.) He points to one statement made by Sheila at trial. Sheila initially testified Copeland pushed her into the house. She then was asked "[a]nd can you tell me how hard he was holding onto you." She responded "Hard enough to hold me. I pushed him in the door." (Tr. at 8.) Copeland claims this response renders Sheila's evidence equivocal and thus there was insufficient evidence of residential entry.

However, other than that one ambiguous statement, Sheila's testimony as to what occurred was unequivocal. She initially testified "he grabbed me around the throat and pushed me back into the house." (*Id.* at 6.) After stating she "pushed [Copeland] in the door," Sheila testified "He was shoving me in the door." (*Id.* at 8.) She further testified Copeland entered the house "by grabbing [me] by [the] throat and pushing me into the door." (*Id.* at 14.) She then testified Copeland opened the screen door and pushed her and himself through it. Sheila stated a number of times that Copeland pushed her through the door, and we decline to hold her one

statement that she "pushed him in the door" renders the entirety of her testimony "incredibly dubious."

### 2. Sentencing [3]

■ The trial court sentenced Copeland as follows:

> So I guess I am not inclined to find any aggravators in this case. As a mitigator I would find that the Defendant is likely to respond affirmatively to Probation, and I will sentence him as follows. On Count I, Residential Entry as a Class D felony 365 days with 363 suspended. Credit for 2 actual days. 363 days on Probation with 26 weeks of domestic violence counseling. He is to continue his treatment, his mental health treatment through Paul Aleksic and Dr. Bose.... With regard to Count II, Domestic Battery, 365 days with 365 days suspended. 180 days Probation to run consecutive to Count I. So he will be on Probation for a total of a year and a half.

(Tr. at 39–40.)

Copeland's sentence for his D felony conviction was 365 days, with 363 days suspended. Pursuant to Ind.Code § 35–50–2–2(c), "whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." The trial court could have placed Copeland on probation for an additional two years, the remainder of the maximum three year sentence for a Class D felony. However, it did not do so. Instead, it placed him on probation for only 363 days.

The trial court then extended, by 180 days, Copeland's probation for his Class A misdemeanor conviction. When a trial court suspends any part of a misdemeanor sentence, it may place the defendant on probation for a period of not more than one year. Ind.Code § 35–50–3–1(b). However, the combined term of imprisonment and probation cannot exceed one year. Id. Our supreme court has held "a combined term of probation and imprisonment[4] exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor." Smith v. State, 621 N.E.2d 325, 326 (Ind.1993) (footnote supplied). See also Beck v. State, 790 N.E.2d 520, 522 (Ind.Ct.App.2003).

By adding the 180–day term of probation to Copeland's 365–day Class A misdemeanor sentence, the trial court erred.

---

3. We find Copeland's sentence was erroneous, but not for the reason Copeland offers on appeal. Copeland argues that ordering him to serve 180 days probation consecutive to his probation on the Class D felony charge was error, as the trial court found no aggravating factors. The State notes Ind.Code § 35–50–1–2(c), the consecutive sentencing statute, specifically refers to "terms of imprisonment," and argues because Copeland was sentenced to suspended sentences, the consecutive sentencing statute does not apply. The State also argues the trial court was not obliged to articulate mitigating or aggravating factors when sentencing on a misdemeanor count.

4. We note that both the statute and Smith refer to combined terms of probation and imprisonment. However, we believe this rule applies to both executed and suspended terms of imprisonment. As noted in Beck v. State, 790 N.E.2d 520, 523 (Ind.Ct.App.2003) (May, J. concurring in result), "A 365–day sentence, whether suspended or served in the Department of Correction, is the 'maximum sentence' ... A suspended sentence is one actually imposed but the execution of which is thereafter suspended. Such a sentence is 'a definite sentence postponed so that the defendant is not required to serve his time in prison unless he commits another crime or violates some court-imposed condition[.]'" (Internal citation omitted.)

We reverse the imposition of a consecutive 180 day period of probation.

The record does not indicate whether the trial court ordered the Class D felony and Class A misdemeanor sentences to be served consecutively. We generally presume the trial court followed the law and made the proper considerations in reaching its decision. *Harris v. Smith,* 752 N.E.2d 1283, 1291 (Ind.Ct.App.2001), *reh'g denied.* In order to impose consecutive sentences, a trial court must find at least one aggravating factor. *Jones v. State,* 705 N.E.2d 452, 455 (Ind.1999); Ind.Code § 35–38–1–7.1(b). We must therefore presume the trial court did not impose consecutive sentences in the absence of aggravating factors and the sentences are to be concurrent, with Copeland serving 365 days on probation.

Affirmed in part and reversed and remanded in part.

BAKER and NAJAM, JJ., concur.