**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 20 2012, 8:33 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN PINNOW**
Special Assistant to the State Public Defender
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUSTIN TUMBLESON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1107-CR-613 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable James A. Heimann, Senior Judge
Cause No. 90C01-1006-FB-11

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Dustin Tumbleson appeals following his guilty plea to and conviction for Class A misdemeanor domestic battery.[1] Tumbleson contends that the trial court illegally sentenced him to a combined term of incarceration and probation in excess of the maximum statutorily allowed one-year term. Concluding that the combined sentence imposed by the trial court exceeds the maximum term allowed for a Class A misdemeanor conviction, we reverse and remand to the trial court with instructions.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the June 23, 2011 guilty plea hearing provides that on June 26, 2010, Tumbleson grabbed Ashley Collis and threatened her with a tire iron, knocked a book shelf over on her, and smacked her repeatedly "about the head." Tr. p. 9. Investigating officers observed that Collis was injured by Tumbleson's actions. Investigating officers further determined that Tumbleson and Collis had been living as if they were husband and wife.

On June 28, 2010, the State charged Tumbleson with Class B felony confinement, Class A misdemeanor domestic battery, and Class C misdemeanor illegal possession of an alcoholic beverage. On May 5, 2011, Tumbleson pled guilty to Class A misdemeanor domestic battery. In exchange for Tumbleson's plea, the State agreed to dismiss the remaining charges. Pursuant to the terms of his plea agreement, sentencing was "left to the discretion of the court and both sides [were] free to argue at sentencing." Appellant's App. p. 134. The trial court accepted Tumbleson's guilty plea, and on or about June 23, 2011,

---

[1] Ind. Code § 35-42-2-1.3(a) (2009).

sentenced Tumbleson to a term of one year, with six months suspended and one year of probation. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Tumbleson contends that the trial court erred in sentencing him to an executed term of six months and one year on probation because Indiana Code section 35-50-3-2 provides that "the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year." The State concedes that the trial court erred in sentencing Tumbleson to a combined term of imprisonment and probation that exceeded one year. In making their respective contention and concession, both Tumbleson and the State cite to *Smith v. State*, 621 N.E.2d 325, 326 (Ind. 1993), in which the Indiana Supreme Court held that "a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor." In light of the plain language of Indiana Code section 35-50-3-2 and the Supreme Court's holding in *Smith*, we reverse the sentence imposed by the trial court and remand this matter to the trial court with instructions to impose a combined sentence of probation and imprisonment not to exceed one year.

The judgment of the trial court is reversed, and the matter is remanded to the trial court with instructions.

KIRSCH, J., and BARNES, J., concur.

3