# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JEREMY M. NOEL**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Feb 08 2012, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JOEY JENNINGS,               )
                             )
    Appellant,       )
                             )
      vs.        )    No. 53A01-1010-CR-541
                             )
STATE OF INDIANA,            )
                             )
    Appellee.        )

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Kenneth G. Todd, Judge
Cause No. 53C03-0906-CM-2250

**February 8, 2012**

**OPINION ON PETITION FOR REHEARING – FOR PUBLICATION**

**MATHIAS, Judge**

The State petitions for rehearing of our opinion in Jennings v. State, 956 N.E.2d 203 (Ind. Ct. App. 2011). We grant the petition for the limited purpose of addressing the State's argument that our holding conflicts with a prior opinion of our supreme court, but reaffirm our earlier decision in all respects.

For his Class B misdemeanor conviction, Jennings received the maximum sentence of 180 days, with thirty days executed, 150 days suspended, and 360 days of probation. We concluded that this sentence violated Indiana Code section 35-50-3-1(b) (2004), which provides that when a court suspends any portion of a misdemeanor sentence, "it may place the person on probation . . . for a fixed period of not more than one (1) year, notwithstanding the maximum term of imprisonment for the misdemeanor . . . . However, the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year." Specifically, we held that the statutory phrase "term of imprisonment" included both the executed and suspended portions of a misdemeanor sentence, and because Jennings was sentenced to a 180-day term of imprisonment (composed of thirty executed days and 150 suspended days), his term of probation could not exceed 185 days. Jennings, 956 N.E.2d at 208.

In support of this holding, we relied on this court's previous decision in Collins v. State, 835 N.E.2d 1010, 1018 (Ind. Ct. App. 2005), trans. denied, which interpreted the current version of Indiana Code section 35-50-3-1(b) and reached the same conclusion. See also Copeland v. State, 802 N.E.2d 969, 972 n.4 (Ind. Ct. App. 2004) (reasoning that a "term of imprisonment" for the purposes of Indiana Code section 35-50-3-1(b),

includes both executed and suspended terms of imprisonment). We also found instructive our supreme court's decision in Mask v. State, 829 N.E.2d 932 (Ind. 2005). In Mask, our supreme court interpreted the statutory phrase "terms of imprisonment," as it appears in another sentencing statute, to include both the executed and suspended portions of a defendant's sentence. Id. at 936 (citing Ind. Code § 35-50-1-2(c) (2004)).

On rehearing, the State insists that our interpretation of Indiana Code section 35-50-3-1(b) "irreconcilably conflicts with our [s]upreme [c]ourt's decision in Smith v. State, 621 N.E.2d 325 (Ind. 1993)." Rehearing Petition at 1. However, the State ignores the fact that in Smith, our supreme court interpreted a prior version of Indiana Code section 35-50-3-1(b) that is materially different than the current version.

The version of the statute in effect when our supreme court decided Smith provided that "whenever the court suspends a sentence for a misdemeanor, it may place the person on probation . . . for a fixed period of not more than one (1) year." 621 N.E.2d at 325. Unlike the current version of the statute, this version placed no limitation on the combined term of imprisonment and probation. The issue in Smith was whether the language of this statute permitted a trial court to impose a period of probation extending beyond the maximum sentence for the offense. Id. The court concluded that it did not, reasoning that "a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor." Id. at 326. The court held that "[t]he trial court has the option . . . to suspend the sentence in whole or in part and to place the defendant on probation, so long as the combination of the *executed*

3

*sentence* and the probationary period do not exceed the maximum statutory sentence for that offense." Id. (emphasis added, quotations omitted, alteration in original).

In 2001, Indiana Code section 30-50-3-1(b) was amended to provide that a trial court may place a misdemeanant on probation for one year, notwithstanding the maximum term of imprisonment for the offense, so long as the combined term of imprisonment and probation does not exceed one year. See Ind. Legis. Serv. P.L. 90-2001, § 1. Thus, the current statute supersedes the holding of Smith because it specifically allows for the imposition of a term of probation extending beyond the maximum sentence for a misdemeanor, provided that the combined term of imprisonment and probation does not exceed one year.[1] Moreover, the key statutory phrase "term of imprisonment," on which our analysis in this case turned, is notably absent from the previous version of the statute interpreted in Smith. Thus, Smith is not good law for the purposes of interpreting the current version of Indiana Code section 30-50-3-1(b), and this court's precedent in Collins and Copeland is controlling—especially in light of our supreme court's interpretation of similar language appearing in another sentencing statute in Mask, 829 N.E.2d at 936 (interpreting the phrase "terms of imprisonment," as it appears in Indiana Code section 35-50-1-2, "to include any period of incarceration a defendant is sentenced to, even if all or a portion of that period of time is suspended").

---

[1] We note that Jennings was convicted of a Class B misdemeanor, for which the maximum sentence is 180 days, and he received an executed sentence of thirty days. In Smith, the court held that the combination of the executed sentence and probationary period could not exceed the maximum sentence for the offense. 621 N.E.2d at 326. Thus, if we were to accept the State's invitation to apply the rule of Smith to the case at hand, we would be constrained to conclude Jennings's probationary period must be limited to 150 days—a period thirty-five days shorter than the maximum probationary period allowed under our interpretation of the current statute. See Jennings, 956 N.E.2d at 208 (remanding for recalculation of Jennings's term of probation, "not to exceed 185 days").

4

Additionally, the State's argument that <u>Smith</u> stands for the proposition that a suspended sentence and a term of probation "may be served simultaneously" in a manner similar to concurrent sentences is legally unsound. <u>See</u> Rehearing Petition at 3. The <u>Smith</u> court said no such thing, either expressly or by implication. The version of Indiana Code section 30-50-3-1(b) in effect at the time <u>Smith</u> was decided provided that when any portion of a misdemeanor sentence was suspended, the trial court could place the misdemeanant on probation for one year. Read alone, this language would ostensibly permit the imposition of one year of probation even where a misdemeanant received the maximum sentence with only a small portion suspended—effectively extending the misdemeanant's period of punishment far beyond the maximum sentence for the offense. In holding that the combined executed sentence and term of probation could not exceed the maximum sentence for the offense, our supreme court simply placed a limitation on the otherwise broad language of the previous version Indiana Code section 30-50-3-1(b) by interpreting it in light of other sentencing statutes.

Moreover, by definition, a suspended sentence is never "served" unless and until the suspension is revoked. <u>See</u> <u>Mask</u>, 829 N.E.2d at 936. And, with the exception of probationary terms served on home detention, a defendant receives no credit toward his suspended sentence for days spent on probation. <u>See</u> <u>Senn v. State</u>, 766 N.E.2d 1190, 1199 (Ind. Ct. App. 2002). Indeed, if Jennings's probation were to be revoked on the last day of his probationary term, the trial court would have the discretion to order him to serve the entirety of his suspended sentence. Thus, a suspended sentence is not "served"

5

simultaneously" with a term of probation, and the State's attempt to analogize suspended and concurrent sentences is unpersuasive.

We affirm our original decision in all respects.

BAILEY, J., and CRONE, J., concur.