# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 27 2012, 9:29 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHLEEN K. PETERINK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1112-CR-586 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-1008-FD-246

**July 27, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kathleen Peterink pleaded guilty to Possession of Marijuana[1] as a class A misdemeanor and was subsequently sentenced to one year imprisonment suspended to probation, which was to include six months on home detention. Peterink challenges the sentence imposed, presenting two issues for our review:

1. Is the sentence imposed contrary to Ind. Code Ann. § 35-50-3-1 (West, Westlaw current through legislation effective May 31, 2012)?

2. Is a defendant serving time on home detention as part of probation entitled to good time credit?

We reverse and remand.

A probation search of Peterink's home in July 2010 turned up marijuana in an amount less than thirty grams. As a result of the discovery, Peterink was charged with Count I, possession of cocaine or narcotic drug as a class D felony, and Count II, possession of marijuana as a class A misdemeanor. On September 6, 2011, Peterink pleaded guilty to Count II and the State dismissed Count I. On November 1, 2011, the trial court sentenced Peterink as follows: "The Defendant shall be imprisoned in the Noble County Jail for a period of 1 year, all of which is suspended. The suspended portion of the Defendant's sentence shall be served on probation under the terms attached hereto and made a part hereof." *Appellant's Appendix* at 42. A special condition of probation was that Peterink serve six months of home detention for which she was to receive "no good time credit." *Id*. at 45.

---

[1] Ind. Code Ann. § 35-48-4-11 (West, Westlaw current through legislation effective May 31, 2012).

On November 23, 2011, Peterink's trial counsel filed a Motion to Correct Errors challenging the sentence imposed. The trial court held a hearing on the motion on December 16, 2011, at the conclusion of which the court denied the motion. Peterink now appeals.

1.

Peterink argues that the trial court erred by sentencing her in excess of the statutory maximum. Peterink pleaded guilty to a class A misdemeanor for which the maximum sentence is not to exceed one year. I.C. § 35-50-3-2 (West, Westlaw current through legislation effective May 31, 2012). During the sentencing hearing, the trial court pronounced the sentence as follows:

> In the FD-246 case I will sentence the Defendant to one year at the Noble County Jail, that will be all suspended, you shall serve one year on probation subject to the Court's standard terms and conditions of probation including the requirement that she serves 6 months of that probation on electronically monitored home detention.

*Transcript* at 45. According to Peterink, because the court sentenced her to one year (albeit that the sentence was suspended), the trial court violated I.C. § 35-50-3-2 when it sentenced her to an additional year of probation. Peterink cites this court's decision in *Jennings v. State*, 956 N.E.2d 203 (Ind. Ct. App. 2011), *trans. pending*, as support for her argument that the sentence imposed exceeds the statutory maximum for a class A misdemeanor. The State does not challenge Peterink's reliance upon *Jennings*, but rather asks that we revisit the issue addressed by the *Jennings* court with regard to misdemeanor sentencing.

Although a trial court may suspend any part of a sentence for a misdemeanor and "place the person on probation under IC 35-38-2 for a fixed period of not more than one (1) year . . . the combined term of imprisonment and probation for a misdemeanor may not

3

exceed one (1) year." I.C. § 35-50-3-1(b). As noted by the *Jennings* court, we have before held that for purposes of I.C. § 35-50-3-1(b), the "term of imprisonment" includes both the executed and suspended portions of a sentence. *Jennings v. State*, 956 N.E.2d at 206 (citing *Collins v. State*, 835 N.E.2d 1010 (Ind. Ct. App. 2005)). Thus, as in *Jennings*, here, the trial court sentenced Peterink in excess of the statutory maximum (i.e., one year) when it sentenced her to a one-year suspended sentence and one year of probation. While we recognize that there is a split among the judges of this court regarding the interpretation of I.C. § 35-50-3-1, we decline the State's request to revisit the *Jennings* decision. We therefore reverse the sentence imposed by the trial court and remand for resentencing.

2.

Although we have reversed the sentence imposed, we nevertheless address the second issue presented by Peterink to explain an additional error made by the trial court in sentencing Peterink. Peterink argues that the condition of her probation that her time on home detention was ordered to be without good-time credit contravenes statutory authority. Peterink maintains that I.C. §§ 35-50-6-6 and 35-38-2.5-5 (West, Westlaw current through legislation effective May 31, 2012), "when read together, logically lead to the conclusion that probationers on home detention may receive 'good time credit.'" *Appellant's Brief* at 7. The State agrees that Peterink is entitled to good-time credit.

I.C. § 35-50-6-6 provides, in pertinent part, "Except as set forth under IC 35-38-2.5.-5, a person does not earn credit time while on parole or probation." Subsection (e) of I.C. § 35-38-2.5-5 provides, "A person confined on home detention as a condition of probation earns credit for time served." We note that I.C. § 35-50-6-6 speaks in terms of credit time while

4

I.C. § 35-38-2.5-5 provides that a person "earns credit" for time served on home detention. An ambiguity therefore exists as to whether I.C. § 35-38-2.5-5 permits a person confined on home detention as a condition of probation to earn "good-time credit." "It is a cardinal rule of criminal justice, however, that penal statutes are to be strictly construed against the State and that ambiguities therein are to be resolved in favor of the accused." *Pennington v. State*, 426 N.E.2d 408, 410 (Ind. 1981). Here, the State concedes that Peterink is entitled to good-time credit and we think a fair reading of the statutes taken together leads to that result. The trial court's order to the contrary is reversed. The trial court is instructed to amend its sentencing order to allow for credit time.

Judgment reversed and remanded for resentencing.

MAY, J., concurs.

BARNES, J., concurs in part and dissents in part.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KATHLEEN K. PETERINK, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 57A03-1112-CR-586 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

**BARNES, Judge, concurring in part and dissenting in part**

I concur in part two of the majority opinion but respectfully dissent from part one. I do not agree with the holding in the Jennings case cited by the majority, at least to the extent it holds that for purposes of determining whether a misdemeanor sentence exceeds the one-year limitation found in Indiana Code Section 35-50-3-1(b), a sentence such as the one here that orders a term of one year suspended, to be served on probation, is actually the equivalent of a two-year sentence.

In Smith v. State, 621 N.E.2d 325 (Ind. 1993), a trial court sentenced a misdemeanant to a term of 110 days executed to be followed by one year of probation. At the time, Section 35-50-3-1(b) was unclear as to whether such a sentence was illegal, but our supreme court held that it was. Id. at 326. The court held "that a combined term of probation and

6

imprisonment exceeding one year is inconsistent with the maximum term for conviction of a misdemeanor." Id. Section 35-50-3-1(b) was amended in 2001 to, in my view, effectively codify Smith by adding the following language: "the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year." I think that additional language clearly signaled the legislature's intent.[2]

The Smith opinion also stated, "fundamental sentencing guidelines with respect to treatment of felonies likewise apply to misdemeanors." Id. The court further agreed with Judge Barteau's dissenting opinion from this court's decision in Smith, wherein she observed, "'[t]he trial court has the option, in sentencing a class A misdemeanant, to suspend the sentence in whole or in part and to place the defendant on probation, so long as the combination of the executed sentence and the probationary period do not exceed the maximum statutory sentence for that offense.'" Id. (quoting Smith v. State, 610 N.E.2d 265, 272 (Ind. Ct. App. 1993) (Barteau, J., dissenting)).

Given our supreme court's agreement with what Judge Barteau said and considering that the same principles of sentencing apply to both felonies and misdemeanors, I do not believe that a sentence of one year suspended, to be served on probation, is equivalent to a two-year sentence. It would fundamentally disrupt the sentencing practices of trial courts to say, for example, that a sentence for a Class B felony that consisted of fifteen total years,

---

[2] I should point out that I recently concurred in another case, Tumbleson v. State, No. 90A02-1107-CR-613 (Ind. Ct. App. Jan. 20, 2012), which the State also is seeking transfer on, along with Jennings. However, Tumbleson presented a straightforward violation of Smith, because the defendant was sentenced to an executed term of six months, followed by one year of probation, resulting in a one-and-a-half year total sentence. Tumbleson, slip op. at 3. Moreover, the State conceded before this court that the trial court had erred in sentencing the defendant, in violation of Smith.

with ten suspended to be served on probation, was equivalent to a twenty-five year sentence, in excess of the statutory maximum for a Class B felony. See I.C. § 35-50-2-5. Certainly, no appellate case that has reviewed the propriety of a defendant's felony sentence, and there are a vast number of them, has ever reached such a conclusion.[3]  I also agree with the State's contention that a suspended sentence without a probationary term accompanying it lacks any "mechanism by which to secure good behavior:  there would be no possibility of the suspended portion ever being executed, because there is no probation to govern conduct, or, if conduct is not in keeping with its terms, to be revoked." Appellee's Br. p. 7.

In sum, I would not follow the Jennings holding.  As such, I believe the sentence here of one year suspended, to be served on probation, is legal.

---

[3] When reviewing a sentence for appropriateness under Indiana Appellate Rule 7(B), an appellate court may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended and ordered to be served on probation. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).  However, I have never seen any indication that courts should consider a sentence suspended to probation as equaling twice the length of the suspension.  If anything, such a suspension is viewed as less punitive than an executed sentence of the same length. See Jenkins v. State, 909 N.E.2d 1080, 1084-85 (Ind. Ct. App. 2009), trans. denied.