BARNES, Judge,
concurring in part and dissenting in part.
I concur in part two of the majority opinion but respectfully dissent from part one. I do not agree with the holding in the Jennings case cited by the majority, at least to the extent it holds that for purposes of determining whether a misdemeanor sentence exceeds the one-year limitation found in Indiana Code Section 35-50-3-1 (b), a sentence such as the one here that orders a term of one year suspended, to be served on probation, is actually the equivalent of a two-year sentence.
In Smith v. State, 621 N.E.2d 325 (Ind.1993), a trial court sentenced a misde-meanant to a term of 110 days executed to be followed by one year of probation. At the time, Section 35-50-3-1(b) was unclear as to whether such a sentence was illegal, but our supreme court held that it was. Id. at 326. The court held “that a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction of a misdemeanor.” Id. Section 35—50—3—1(b) was amended in 2001 to, in my view, effectively codify Smith by adding the following language: “the combined term of imprisonment and probation for á misdemeanor may not exceed one (1) year.” I think that additional language clearly signaled the legislature’s intent.[2]
The Smith opinion also stated, “fundamental sentencing guidelines with respect to treatment of felonies likewise apply to misdemeanors.” Id. The court further agreed with Judge Barteau’s dissenting opinion from this court’s decision in Smith, wherein she observed, “ ‘[t]he trial court has the option, in sentencing a class A misdemeanant, to suspend the sentence in whole or in part and to place the defendant on probation, so long as the combination of the executed sentence and the probationary period do not exceed the maximum statutory sentence for that offense.’ ” Id. (quoting Smith v. State, 610 N.E.2d 265, 272 (Ind.Ct.App.1993) (Barteau, J., dissenting)).
Given our supreme court’s agreement with what Judge Barteau said and considering that the same principles of sentencing apply to both felonies and misdemeanors, I do not believe that a sentence of one year suspended, to be served on probation, is equivalent to a two-year sentence. It would fundamentally disrupt the sentencing practices of trial courts to say, for example, that a sentence for a Class B felony that consisted of fifteen total years, with ten suspended to be served on probation, was equivalent to a twenty-five year sentence, in excess of the statutory maximum for a Class B felony. See I.C. § 35-50-2-5. Certainly, no appellate case that has reviewed the propriety of a defendant’s felony sentence, and there are a vast number of them, has ever reached *739 such a conclusion.[3] I also agree with the State’s contention that a suspended sentence without a probationary term accompanying it lacks any “mechanism by which to secure good behavior: there would be no possibility of the suspended portion ever being executed, because there is no probation to govern conduct, or, if conduct is not in keeping with its terms, to be revoked.” Appellee’s Br. p. 7.
In sum, I would not follow the Jennings holding. As such, I believe the sentence here of one year suspended, to be served on probation, is legal.

. I should point out that I recently concurred in another case, Tumbleson v. State, No. 90A02-1107-CR-613, 2012 WL 172873 (Ind.Ct.App. Jan. 20, 2012), which the State also is seeking transfer on, along with Jennings. However, Tumbleson presented a straightforward violation of Smith, because the defendant was sentenced to an executed term of six months, followed by one year of probation, resulting in a one-and-a-half year total sentence. Tumbleson, slip op. at 3. Moreover, the State conceded before this court that the trial court had erred in sentencing the defendant, in violation of Smith.

. When reviewing a sentence for appropriateness under Indiana Appellate Rule 7(B), an appellate court may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended and ordered to be served on probation. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind.2010). However, I have never seen any indication that courts should consider a sentence suspended to probation as equaling twice the length of the suspension. If anything, such a suspension is viewed as less punitive than an executed sentence of the same length. See Jenkins v. State, 909 N.E.2d 1080, 1084-85 (Ind.Ct.App.2009), trans. denied.