**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KATHARINE C. LIELL**
Liell & McNeil Attorneys
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ZACHARY PODORSKY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 29A05-1202-CR-94 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Richard J. Campbell, Judge
Cause No. 29D04-1106-CM-10419

October 10, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Zachary Podorsky was convicted of possession of marijuana, a Class A misdemeanor, and sentenced to one year in prison, 363 days of which were suspended, and ordered to serve 270 days of probation. Podorsky raises two issues for our review, which we restate as: 1) whether the admission of evidence retrieved after an investigatory stop violated the Fourth Amendment to the United States Constitution or Article 1, section 11 of the Indiana Constitution; and 2) whether the trial court abused its discretion in sentencing Podorsky. Concluding neither the Fourth Amendment nor Article 1, section 11 of the Indiana Constitution was violated, and Podorsky's sentence was not an abuse of discretion, we affirm.

## Facts and Procedural History

Around 2:30 a.m. on February 14, 2011, Patrick Cooper was lying on a couch in his family room when his fifteen-year-old daughter came downstairs and opened the front door. When Cooper asked her what she was doing, she responded she was getting aspirin from the kitchen for a headache. On a prior occasion, the daughter had gone to Bloomington to visit friends without permission and Cooper contacted police in Bloomington in order to have her detained until he could come to pick her up. In particular, his daughter had gone to high school with Devon Sirls, but Sirls had since enrolled at Indiana University in Bloomington. Concerned that his daughter was attempting to sneak out, Cooper ordered her back to her bedroom, looked outside, and noticed a maroon-colored Nissan parked nearby. Cooper got into his car to drive by the Nissan and gather more information. When he did, it appeared to be turned off, but lights inside the vehicle were illuminated. Upon his first pass, Cooper observed no one in the

2

vehicle, but when he turned around and passed the vehicle a second time, he saw a head pop up and the vehicle took off. Cooper also observed a partial license plate number and an Indiana University license plate.

Cooper called the Carmel Police Department, and Officer Brian Schmidt responded to the scene. When Officer Schmidt arrived, Cooper was once again driving in the neighborhood to look for the Nissan, and the daughter answered the door. When Cooper returned, he informed Officer Schmidt that his daughter had come downstairs and opened the front door and that he suspected she was attempting to sneak out; he explained his investigation of the Nissan, that he suspected the driver of the Nissan was Devon Sirls, and that the Nissan had returned. Officer Schmidt radioed other officers in the area and requested that someone make an investigatory stop of the Nissan. Officer David Kinyon responded to the radio request and located the Nissan. When following the Nissan, it was traveling at approximately twenty miles-per-hour in a thirty mile-per-hour zone. The driver of the Nissan stared at Officer Kinyon in the rearview and sideview mirrors while he was following her.

Officer Kinyon initiated his emergency lights and siren to conduct an investigatory stop. Devon Sirls was driving the Nissan, and Podorsky was in the passenger seat. Officer Kinyon detected odors of burnt and raw marijuana coming from the vehicle while talking to Sirls and Podorsky. Officer Kinyon had Sirls and Podorsky exit the vehicle, and he retrieved his canine unit. The canine alerted Officer Kinyon to the smell of drugs in the center console. Officer Kinyon found marijuana seeds and stems, or "shake," throughout the interior of the car, multiple marijuana cigarettes in the center console

ashtray, and several baggies with what appeared to be marijuana residue. The marijuana cigarettes were later determined to contain 0.21 grams of marijuana.

Podorsky was charged with possession of marijuana, a Class A misdemeanor. He was originally found guilty and sentenced by the Carmel City Court, but he was subsequently granted a new trial in the Hamilton County Superior Court. Prior to trial, Podorsky moved to suppress all evidence arising from Officer Kinyon's stop of Sirls's vehicle, alleging the stop violated both the Fourth Amendment of the United States Constitution and Article 1, section 11 of the Indiana Constitution. After a hearing, the trial court denied Podorsky's motion, concluding that "the Court finds that the police had reasonable suspicion to believe that the crime of contributing to the delinquency of a minor was attempted or being attempted." Appendix at 28. At trial, Podorsky again raised his Fourth Amendment and Article 1, section 11 objections to the admission of evidence resulting from the stop of Sirls's vehicle. After a bench trial, the trial court found Podorsky guilty of possession of marijuana as a Class A misdemeanor and sentenced him to 365 days in prison, with 363 days suspended, and 270 days of probation. Podorsky now appeals.

Discussion and Decision

I. Podorsky's Evidentiary Challenge

A. Standard of Review

The trial court is afforded discretion in the admission or exclusion of evidence, and we review such evidentiary claims only for abuse of that discretion. J.D. v. State, 902 N.E.2d 293, 295 (Ind. Ct. App. 2009), trans. denied. An abuse of discretion arises when a trial court's decision is clearly against the logic and effect of the facts and

4

circumstances before it.  Id.  We consider only the evidence in favor of the trial court's ruling, along with the reasonable inferences drawn therefrom.  Id.  However, when assessing a defendant's Fourth Amendment claim, "[w]e review trial court determinations of reasonable suspicion de novo."  Armfield v. State, 918 N.E.2d 316, 319 (Ind. 2009).

## B.  The Fourth Amendment

Under the Fourth Amendment, an officer is permitted to conduct a brief investigatory stop of a person if the officer has reasonable suspicion based upon articulable facts that criminal activity may be afoot, even if the officer lacks probable cause.  Id. (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).  Podorsky argues reasonable suspicion did not exist because Officer Kinyon, not Officer Schmidt, stopped Sirls and Podorsky, and that in such circumstances "the knowledge sufficient for reasonable suspicion must be conveyed to the investigating officer before the stop is made."  Appellant's Brief at 6 (quoting Murray v. State, 837 N.E.2d 223, 226 (Ind. Ct. App. 2005), trans. denied).  Podorsky claims any information Officer Schmidt gathered while at Cooper's home that could have amounted to reasonable suspicion was not communicated to Officer Kinyon, and thus Officer Kinyon did not have reasonable suspicion to stop Sirls and Podorsky.

The collective knowledge rule provides that "[a]n investigative stop may be based upon the collective information known to the law enforcement organization as a whole."  Moultry v. State, 808 N.E.2d 168, 172 (Ind. Ct. App. 2004).  See also Griffith v. State, 788 N.E.2d 835, 840 (Ind. 2003) ("Probable cause can rest on collective information known to the law enforcement organization as a whole, and not solely on the personal

knowledge of the arresting officer. The police force is considered a unit.") (citation omitted). We therefore disagree with Podorsky that the officer conducting the investigatory stop, Officer Kinyon, must have been informed of the specific and articulable facts giving rise to a reasonable suspicion that criminal activity may be afoot. Rather, so long as the officers collectively had reasonable suspicion, and the investigating officer reasonably relied on information given to him by the informing officer, then there is no Fourth Amendment violation. To the extent this court has previously held otherwise, we disagree and follow the line of reasoning in cases like Moultry and Griffith.

"The reasonable suspicion requirement is met where the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe criminal activity has occurred or is about to occur." Ertel v. State, 928 N.E.2d 261, 264 (Ind. Ct. App. 2010), trans. denied. The totality of the circumstances was sufficient to give Officer Schmidt such reasonable suspicion. He responded to Cooper's home at 2:30 in the morning; Cooper reported he observed a suspicious maroon colored Nissan nearby in the neighborhood, that his daughter came downstairs and opened the front door in the early morning hours until Cooper asked her what she was doing, that Cooper believed his daughter was attempting to sneak out,[1] and that Cooper observed lights illuminated inside the Nissan and when he drove by it a second time a head popped up inside the vehicle; and while Officer Schmidt was at

---

[1] Podorsky points out Officer Schmidt's testimony appears to indicate it was not until after he radioed for another officer to stop the Nissan that he was informed of Cooper's daughter's prior trip to Bloomington during which Cooper called police to pick her up until he could arrive and take her home. Nevertheless, Cooper did state his belief that his daughter was attempting to sneak out of the house. Taken as a whole, the facts created a reasonable suspicion that criminal activity may have been afoot.

6

Cooper's home, the Nissan returned and parked once again in the neighborhood. Based upon the time of night, Cooper's credibility as a father, Cooper's observance of lights and a person inside the vehicle, the person's apparent attempt to hide from Cooper when he drove by, and the vehicle's return to the neighborhood a few minutes after it initially left, there was a reasonable suspicion that criminal activity may have been afoot. Specifically, contributing to the delinquency of a minor and delinquency may have been about to occur. See Ind. Code §§ 35-46-1-8, 31-37-2-2.

After developing a reasonable suspicion that criminal activity may have been afoot, Officer Schmidt radioed for another officer in the area to conduct an investigatory stop of the Nissan. Officer Kinyon responded, located the Nissan reported by Officer Schmidt, and after observing further suspicious activity by the driver, conducted an investigatory stop. It was reasonable for Officer Kinyon to have relied upon Officer Schmidt in conducting the stop. The collective information known between the two officers rose to the level of reasonable suspicion. Further, once Officer Kinyon conducted the investigatory stop, his immediate detection of the odor of raw and burning marijuana gave him probable cause to conduct a search of the vehicle. See State v. Hawkins, 766 N.E.2d 749, 752 (Ind. Ct. App. 2002) (holding when an officer detects the odor of marijuana coming from a vehicle, the officer has probable cause to search the vehicle), trans. denied. In conclusion, no Fourth Amendment violation occurred.

## C. Article 1, Section 11

Podorsky also argues Officer Kinyon's stop of the vehicle was a violation of Article 1, section 11 of the Indiana Constitution. While this section appears to have been derived from the Fourth Amendment and contains the same language, we interpret and

7

apply Article 1, section 11 independently from Fourth Amendment jurisprudence. State v. Bullington, 802 N.E.2d 435, 438 (Ind. 2004) (citations omitted). For the purposes of Article 1, section 11, the reasonableness of a search or seizure depends upon: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005).

As our above discussion of the officers' reasonable suspicion demonstrates, the officers had a relatively high degree of suspicion that the daughter was attempting to commit delinquency and that whoever was in the vehicle may have been contributing to the delinquency of a minor. The degree of intrusion was rather minimal. Officer Kinyon conducted a brief investigatory stop, and the only reason it continued beyond the scope of a few minutes and resulted in Officer Kinyon searching the vehicle is because he detected the odor of marijuana. While the extent of law enforcement needs was not that dramatic, as no one was in danger and no violent offenses had been committed, based on the balance of these three factors we conclude Article 1, section 11 was not violated. The only factor contributing much weight is the degree of the officers' suspicion that Cooper's daughter was sneaking out and being aided by the occupants of the vehicle. Thus, the balancing test weighs in favor of constitutionality.

## II. Sentencing

Podorsky was sentenced to 365 days in prison, with 363 days suspended, and to 270 days of probation. He argues pursuant to Indiana Code section 35-50-3-1, which limits "the combined term of imprisonment and probation for a misdemeanor" to one

8

year, and this court's decision in <u>Jennings v. State</u>, 956 N.E.2d 203 (Ind. Ct. App. 2011),

<u>clarified on reh'g</u>, 962 N.E.2d 1260 (Ind. Ct. App. 2012), that his sentence was improper.

However, our supreme court has granted transfer of <u>Jennings</u>, and as such, our opinion

has been vacated.  <u>See</u> Ind. Appellate Rule 58(A).

Indiana Code section 35-50-3-1 provides that when a court suspends all or part of

a misdemeanor sentence,

> it may place the person on probation . . . for a fixed period of not more than
> one (1) year, notwithstanding the maximum term of imprisonment for the
> misdemeanor set forth in sections 2 through 4 of this chapter.  However, the
> combined term of imprisonment and probation for a misdemeanor may not
> exceed one (1) year.

As we discussed in <u>Jennings</u>, this court has not consistently determined whether "term of

imprisonment" for the purposes of this statute includes both the number of executed days

and the number of suspended days, or if it is just the number of executed days.  956

N.E.2d at 205-07.  <u>Compare</u> <u>Collins v. State</u>, 835 N.E.2d 1010, 1018 (Ind. Ct. App. 2005)

(concluding incarceration period includes both the executed and suspended portions of a

sentence), <u>clarified on reh'g</u>, <u>trans. denied</u>; <u>with</u> <u>Fry v. State</u>, 939 N.E.2d 687, 691 (Ind.

Ct. App. 2010) (determining "term of imprisonment" does not include the suspended

portion of a sentence).  If a suspended sentence is included in "term of imprisonment,"

then Podorsky's combined term of imprisonment and probation exceeds one year and is

in violation of Indiana Code section 35-50-3-1.  However, if it does not, then his sentence

does not violate that section.

We conclude that the suspended portion of a defendant's sentence is not part of his

or her "term of imprisonment" for the purposes of Indiana Code section 35-50-3-1, and

therefore Podorsky's sentence is not improper.  When a defendant receives a suspended

sentence, he or she is not required to serve that time in any fashion unless he or she commits another crime or violates a court-imposed condition. See Beck v. State, 790 N.E.2d 520, 523 (Ind. Ct. App. 2003) (Mattingly-May, J., concurring in result). Thus, the defendant cannot logically be said to be "imprisoned" for that period. Podorsky's term of imprisonment and probation is therefore only 272 days, which does not exceed one year.

<u>Conclusion</u>

Officer Kinyon's investigatory stop of Sirls and Podorsky did not violate the Fourth Amendment or Article 1, section 11, and the evidence resulting from such search was therefore properly admitted. Podorsky's sentence is not improper pursuant to Indiana Code section 35-50-3-1 because we conclude the suspended portion of his sentence is not part of his "term of imprisonment" for the purposes of that statute. We therefore affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.