**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO HIGHBAUGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-CR-3 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1007-FD-55325

**March 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Antonio Highbaugh was convicted of Class A misdemeanor residential entry, and the trial court sentenced him to 365 days of incarceration with 361 days suspended to probation. Pursuant to the Indiana Supreme Court's decision in *Jennings v. State*, --- N.E.2d --- (Ind. Feb. 20, 2013), we reject Highbaugh's contention that the trial court erred in sentencing him and affirm.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2011, the trial court found Highbaugh guilty of Class A misdemeanor residential entry, entered judgment on conviction accordingly, and sentenced him to 365 days of incarceration with 361 days suspended to probation. Highbaugh now appeals.

## DISCUSSION AND DECISION

Highbaugh's only contention on appeal is that the trial court erred in suspending a portion of his misdemeanor sentence to probation, relying on Court of Appeals decisions holding that the phrase "term of imprisonment" used in Indiana Code section 35-50-3-1 (Indiana's misdemeanor sentencing statute) includes time suspended from a sentence. *See Jennings v. State*, 956 N.E.2d 203 (Ind. Ct. App. 2011), *reaff'd on reh'g* 962 N.E.2d 1260 (Ind. Ct. App. 2012), *trans. granted and vacated*. Highbaugh contends that his combined terms of imprisonment and probation therefore exceed the one-year maximum sentence for a Class A misdemeanor. On February 20, 2013, however, the Indiana Supreme Court handed down its decision in *Jennings v. State*, --- N.E.2d --- (Ind. February 20, 2013), which held that "for purposes of Indiana Code § 35-50-3-1, 'term of imprisonment' means the total amount of time a misdemeanant is incarcerated" but does not include suspended portions of

the sentence. *Id.*, slip op. at 1, 10. Highbaugh's sentence therefore does not exceed the one-year maximum for a Class A misdemeanor.

We affirm the judgment of the trial court.

ROBB, C.J., and BAKER, J., concur.