**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN RINEARSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1209-CR-715 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1206-CM-100

**March 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Brian Rinearson was convicted of Class A misdemeanor carrying a handgun without a license, and the trial court sentenced him to 365 days of incarceration, all of it suspended to probation. Rinearson contends that the State produced insufficient evidence to sustain his conviction and that the trial court erred in sentencing him. Concluding that the State produced sufficient evidence to sustain Rinearson's conviction and that the trial court did not err in sentencing him, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 16, 2012, Kokomo Police Officer Aaron Tarrh stopped a white Pontiac Grand Am because of a window tint violation and an oversized sticker in the back window. Officer Tarrh asked the driver for identification, and the driver replied that he did not have any. Officer Tarrh noticed that the driver appeared nervous and that his hands were shaking; Officer Tarrh characterized the driver as unusually nervous. Officer Tarrh then had the passenger, Anastasia Partida, exit the Grand Am, and he asked her to identify the driver. After Partida identified the driver as Rinearson, Officer Tarrh was able to learn his birthdate. Officer Tarrh determined that Rinearson's driver's license was valid, the plates on the Grand Am belonged to Partida and were registered to a 2001 Chevrolet, and the Grand Am itself was registered to Partida's parents.

Officer Tarrh asked if he could search the Grand Am and was granted permission to do so. Officer Tarrh found a .22 caliber revolver loaded with two rounds in the pouch on the back of the front passenger's seat. Located in the pouch, the revolver would have been accessible to the driver but not the front passenger wearing a seatbelt.

2

At some point before Officer Tarrh had Partida exit the Grand Am, Kokomo Police Officer Dereck Kidwell arrived to assist. Officer Kidwell stood by the passenger side of the Grand Am observing Rinearson. Rinearson appeared "very nervous" and "more nervous than usual" for someone involved in a traffic stop. Tr. pp. 27, 28. According to Officer Kidwell, Rinearson turned around several times while Officer Tarrh was speaking with Partida and "all [Rinearson] had to do was reach around the back of the seat and [he] would have had the gun." Tr. p. 33.

On June 19, 2012, the State charged Rinearson with Class A misdemeanor carrying a handgun without a license. On August 2, 2012, the trial court found Rinearson guilty as charged. On August 24, 2012, the trial court sentenced Rinearson to 365 days of incarceration, all suspended to probation, and gave him credit for twenty-two days actually served awaiting trial.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

The revolver was not found in Rinearson's possession, and he contends that the State produced insufficient evidence to sustain a finding that he constructively possessed it. Our standard of review for challenges to the sufficiency of the evidence supporting a criminal conviction is well-settled:

> In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the [finding of guilt] and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable [finder of fact] could have found Defendant guilty beyond a reasonable doubt.

3

*Vitek v. State*, 750 N.E.2d 346, 352 (Ind. 2001) (citations omitted).

"[C]onviction for possessory offenses does not depend on the accused being 'caught red-handed' in the act by the police." *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982).

> Possession of a firearm may be either actual or constructive. *See Conrad v. State*, 747 N.E.2d 575, 582 (Ind. Ct. App. 2001), *trans. denied.* For instance, a person, who has direct physical control over the firearm, has actual possession. *See Grim v. State*, 797 N.E.2d 825, 831 (Ind. Ct. App. 2003). However, constructive possession occurs when the person has the intent and capability to maintain dominion and control over the firearm. *Id.* To prove the element of intent, the State must demonstrate the defendant's knowledge of the presence of the firearm. *Id.* Knowledge may be inferred from either exclusive dominion and control over the premises containing the firearm, or from evidence of additional circumstances indicating the defendant's knowledge of the presence of the firearm. *See Grim*, 797 N.E.2d at 831.
> The following types of evidence are among those utilized by the State to show proof of the defendant's dominion and control over a firearm: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5) the mingling of a firearm with other items owned by the defendant. *Id.* The State must also present evidence demonstrating the defendant's capability to exercise control over the firearm, which includes the ability to reduce the firearm to his personal possession or to otherwise direct its disposition or use. *See Conrad*, 747 N.E.2d at 582-3.

*Causey v. State*, 808 N.E.2d 139, 143 (Ind. Ct. App. 2004).

We conclude that the State produced sufficient evidence to sustain a finding of constructive possession. The revolver was found secreted in the pouch behind the front passenger seat of the Grand Am, a pouch to which Rinearson had easy access, due to his position in the driver's seat, but not Partida. There is no evidence that the revolver belonged to Partida (or anyone else, for that matter), and there were no rear passengers. *Deshazier v. State*, 877 N.E.2d 200, 208 (Ind. Ct. App. 2007) (in a case where constructive possession was

4

found, relying, in part, on facts "that Deshazier was in the best position to exercise control over the gun, and no evidence indicates that the gun belonged to another person"), *trans. denied*. Additionally, both Officers Tarrh and Kidwell testified that Rinearson appeared to be unusually nervous for a person involved in a routine traffic stop, a circumstance, like furtive movements or flight, indicating a guilty conscience. Finally, Rinearson clearly had the capability to exercise dominion over the revolver. *See, e.g.*, *Calvert v. State*, 930 N.E.2d 633, 641 (Ind. Ct. App. 2010) ("Because Calvert was the Jeep's driver and the shotgun was found inside the passenger compartment, Calvert had the capability to reduce the shotgun to his personal possession."). The State produced sufficient evidence to sustain Rinearson's conviction for carrying a handgun without a license.

## II. Whether the Trial Court Erred in Sentencing Rinearson

Rinearson contends that the trial court erred in suspending a portion of his misdemeanor sentence to probation, relying on Court of Appeals decisions holding that the phrase "term of imprisonment" used in Indiana Code section 35-50-3-1 (Indiana's misdemeanor sentencing statute) includes time suspended from a sentence. *See Jennings v. State*, 956 N.E.2d 203 (Ind. Ct. App. 2011), *reaff'd on reh'g* 962 N.E.2d 1260 (Ind. Ct. App. 2012), *trans. granted and vacated*. Rinearson contends that his combined terms of imprisonment (including both incarceration and suspended portions of his sentence) and probation therefore exceed the one-year maximum sentence for a Class A misdemeanor. On February 20, 2013, however, the Indiana Supreme Court handed down its decision in *Jennings v. State*, --- N.E.2d --- (Ind. February 20, 2013), which held that "for purposes of

5

Indiana Code § 35-50-3-1, 'term of imprisonment' means the total amount of time a misdemeanant is incarcerated" but does not include suspended portions of the sentence. *Id.*, slip op. at 1, 10. Rinearson's sentence therefore does not exceed the one-year maximum for a Class A misdemeanor.

We affirm the judgment of the trial court.

NAJAM, J., and FRIEDLANDER, J., concur.